**Sheila T. KREBS (n/k/a Sheila T. Johnson), Appellant**

v.

**William A. KREBS, III, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 28, 2009.

Filed June 23, 2009.

Kevin Johnson, Conshohocken, for appellant.

Evan K. Hambleton, West Chester, for appellee.

BEFORE: KLEIN, SHOGAN, JJ. and McEWEN, P.J.E.

OPINION BY SHOGAN, J.

¶ 1 Appellant, Sheila T. Krebs, n/k/a Sheila Johnson, ("Wife") appeals from the order awarding her counsel fees in the amount of $5,000.00 to be paid by Appellee, William A. Krebs, III ("Husband"). We vacate and remand.

¶ 2 The trial court stated the factual and procedural history as follows:

The parties married in 1988. They have three children. The parties separated in 1996 and were subsequently divorced. On April 24, 2006, [Wife] filed a Petition to Modify Support to increase the existing support Order. On January 27, 2007, Hearing Officer Gregory Marshall issued a Report and Recommendation which retroactively modified Mr. Krebs' support obligation effective January 1, 2001. Mr. Krebs filed one exception to the Hearing Officer's Report. On May 8, 2007, I found that [Wife] was entitled to an increase in support retroactive to May 21, 2004. On May 29, 2007, I amended the May 8, 2007 Order to add

an arrearages payment schedule to the support obligation.

Both parties appealed to the Superior Court. [Wife] claimed that I erred in declining to order the arrearages retroactive to 2001 when Mr. Krebs failed to disclose increases in his income. Mr. Krebs asserted that I erred in imposing retroactive child support payments beyond the date that [Wife] filed the modification petition.

On March 5, 2008, the Superior Court (1) affirmed in part, holding that I properly found compelling reasons [that] warranted child support arrearages; (2) reversed in part, holding that I erred in limiting the retroactivity only to May 21, 2004 rather than extending it to January 1, 2001, when Mr. Krebs first failed to report the substantial increases in his income; and (3) remanded to review the method and payment of arrearages and possible interest, and to consider the amount, if any, of counsel fees owed to [Wife].

On June 5, 2008, upon remand, I found that Mr. Krebs owes arrearages of $72,603 (as of May 19, 2008) plus interest at a rate of six percent (6%) on the monthly shortfall of support payments commencing January 1, 2001 to the date all arrearages are paid in full. I also ordered Mr. Krebs to pay [Wife's] counsel fees of $5000.[1]

1 [Wife] had requested the court to require Mr. Krebs to pay $15,408.83 in legal fees and costs.

On July 2, 2008, [Wife] appealed to the Superior Court the decision of June 5, 2008 awarding $5000 in counsel fees.

Trial Court Opinion, 8/13/08, at 1–2.

¶ 3 Wife raises the following issue on appeal:

Did the trial court abuse its discretion when it limited [Wife's] award of attorney fees to $5,000 rather than the actual fees that [Wife] incurred in prosecuting her Petition for Modification, which were more than reasonable in light of the protracted nature of the litigation and were incurred as a direct result of [Husband's] fraudulent conduct in concealing substantial increases in his income by failing to disclose such increases to Domestic Relations and [Wife] as required under the law?

Wife's Brief at 5.

¶ 4 Wife claims that the trial court erred in limiting the award of counsel fees to $5,000.00 when the fees were incurred as a direct result of the fraudulent concealment of increases to Husband's income from the time period of 2001 through 2006 in order to avoid paying additional child support. Wife asserts the fees were reasonable in light of the 2½ years spent on the litigation.

¶ 5 In child support matters reviewing an award of attorneys' fees, our standard of appellate review is for an abuse of discretion. *Bowser v. Blom,* 569 Pa. 609, 615, 807 A.2d 830, 834 (2002). An abuse of discretion occurs when there is a misapplication of the law or an unreasonable exercise of judgment. *Diament v. Diament,* 816 A.2d 256, 263–264 (Pa.Super.2003).

¶ 6 An award of attorneys' fees to the prevailing obligee incurred in a support matter is authorized pursuant to 23 Pa. C.S.A. § 4351. This section provides, in pertinent part, as follows: "If an obligee prevails in a proceeding to establish paternity or to obtain a support order, the court may assess against the obligor filing fees, reasonable attorney fees and necessary travel and other reasonable costs and expenses incurred by the obligee and the obligee's witnesses." 23 Pa.C.S.A. § 4351(a).

¶ 7 In construing Section 4351, our Supreme Court has indicated that unreasonable or obstreperous conduct on the part of the obligor in a child support action is one basis which would warrant an award of attorneys' fees to the obligee.[1] The guidance provided by the Supreme Court in *Bowser* instructs that the obligor in a child support case who unnecessarily imposes costs on an obligee by improperly impeding the determination of the appropriate level of support should bear the costs for such improper behavior.

 ¶ 8 Thus, unreasonable or obstreperous conduct on the part of the obligor in a child support action warrants an award of counsel fees to the obligee. *Bowser*, 807 A.2d at 836. The matter *sub judice* is a prime example of unreasonable and obstreperous conduct on the part of a litigant. This is not a case where Husband merely defended the action in good faith; rather this is a case where Husband fraudulently concealed increases to his income from the time period of 2001 through 2006 in order to avoid paying additional child support. Previous tribunals, both a hearing officer and trial court, and a prior panel of this Court all concluded that Husband fraudulently concealed substantial increases to his income from 2001 through 2006 in order to avoid an increased child support obligation. Husband's conduct resulted in time being spent by counsel for Wife as outlined below.

¶ 9 The record reflects that Wife instituted support modification proceedings in April of 2006 via a petition for modification to increase the 2001 child support order.[2] The parties then entered into negotiations to resolve the conflict. The parties prepared for and entered into stipulations at a hearing held on October 25, 2006 before a hearing officer. Due to Husband's fraudulent concealment of substantial increases to his income, on January 27, 2007, the hearing officer concluded that Wife should be awarded retroactive increases in child support to January 1, 2001. An interim order was entered. Husband filed exceptions. On May 8, 2007, an order was entered by the trial court which inadvertently limited the award of child support retroactive to May 21, 2004 instead of to January 1, 2001. Mother filed a motion for reconsideration. The trial court filed an amended order on May 29, 2007 adding an arrearages payment schedule to Father's support obligation and confirmed the May 8, 2007 order in all other respects. Both parties appealed. Concise statements and briefs were filed. Oral argument was heard before the Superior Court in January of 2008. On March 5, 2008, this Court issued an opinion which remanded to the trial court, ordered retroactive increases in child support back to January 1, 2001, and directed the trial court to consider the imposition of attorneys' fees. Briefs were filed. Two sepa-

1. Additionally, this Court may award attorneys' fees under certain circumstances pursuant to the rules of appellate procedure:

 **Rule 2744. Further Costs. Counsel Fees. Damages for Delay**
 In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
 (1) a reasonable counsel fee and
 (2) damages for delay at the rate of 6% per annum in addition to legal interest,

 if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule. Pa.R.A.P. 2744. This rule, thus, also considers the conduct of the participant against whom the attorneys' fees are imposed.

2. Wife filed her initial complaint for support on July 23, 1997.

rate hearings, on arrearages and legal fees, were held by the trial court on remand. Negotiations ensued and the parties reached an agreement on arrearages. On June 5, 2008, the trial court issued an order awarding Wife $5,000.00 of the $15,408.83 she sought in attorneys' fees. Wife filed the instant appeal to this Court and filed a brief in support thereof.

■ ¶ 10 In summary, the record through the present appeal reflects 2½ years of legal research; drafting of stipulations, briefs and concise statements; court appearances; and negotiations by counsel for Wife all as a direct result of Husband's conduct in fraudulently concealing substantial increases to his income to avoid increased child support. In conclusion, the record reflects that Husband's obstreperous and unreasonable conduct, as documented by Wife, was the sole cause of the proceedings resulting in the attorneys' fees in question.[3]

¶ 11 After a thorough review of the record, and in particular, the affidavit of counsel delineating the total amount of time and costs expended in this matter, we conclude that the trial court abused its discretion in denying the full award of attorneys' fees requested, $15,408.83.

¶ 12 Order vacated. Case remanded. Jurisdiction relinquished.

¶ 13 KLEIN, J., files a Concurring and Dissenting Opinion.

## CONCURRING AND DISSENTING OPINION BY KLEIN, J.:

¶ 1 I fully agree with the majority that the trial court abused its discretion in limiting counsel fees to $5,000.00. I also agree that the award of attorney's fees was caused by the unreasonable and/or obstreperous conduct of the Appellee. However, I believe that rather than reversing for the award of the full amount of counsel fees,[1] we should give the trial judge another opportunity to assess counsel fees either at the requested sum or another sum which might be somewhat less than the full amount claimed. Simply because the trial court abused its discretion in initially lowering the amount of attorney's fees awarded does not necessarily mean that amount sought was necessary and appropriate. We are not a fact finding court and I believe it is appropriate for the trial court to review the request for fees and provide detailed reasoning for its decision to either award the entire fee or something lesser.[2]

---

**3.** We note that when requesting an award of attorneys' fees, a party must document the fees incurred and the services rendered. *See e.g. Litmans v. Litmans*, 449 Pa.Super. 209, 673 A.2d 382, 391 (1996) ("[W]ife has failed to document, or at least has failed to refer this court to the location of the documentation of the amount of counsel fees incurred and the services performed for those fees. Such documentation is required because a factor to consider in an award of counsel fees is the 'value of the services rendered.' "). *See also Anzalone v. Anzalone*, 835 A.2d 773, 786 (Pa.Super.2003) ("[W]e are unable to locate documentation in the record showing the amount of counsel [sic] incurred and the services performed ... 'Such documentation is required because a factor to consider in an award of counsel fees is the value of the

services rendered.' ") We note that Wife has provided the requisite documentation for the approximately 14 months of work from October 24, 2006 through December 7, 2007.

**1.** The counsel fees sought were $15,408.83 billed from October 24, 2006 to December 7, 2007 which represents approximately 14 months of work. This is a slightly shorter time period than the 2½ years of work cited by the majority on page 6 of their decision.

**2.** This does not mean that I expect the trial court, in this or any review of fees, to use a fine toothed comb on the petition for fees. However, I believe the litigants, and our Court in the event of appeal, deserve a more complete statement of reasoning than "the case wasn't that complicated."

¶ 2 Without meaning to suggest that these items are inappropriate, I note that the appellant is claiming approximately 17 hours over 7 days to review and edit a brief. On another date it took one hour to draft a motion for extension of time and an accompanying letter to the Superior Court. Drafting and finalizing the docketing statement and an accompanying letter took over two hours. These may well be appropriate amounts of time to spend on these tasks on this case, but I believe that it is for the trial court to make that initial determination not our Court. It is clear that the trial court believed the fees sought were excessive, I believe the trial court should be allowed another opportunity to explain why.

¶ 3 Therefore, I would dispose of the case by concluding "that the trial court abused its discretion in awarding only $5,000.00 of counsel fees," and vacating the order and remanding the case for the award of a greater amount of counsel fees consistent with this memorandum and would relinquish jurisdiction.