J-S02024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SUSAN DIANE WHITESIDE-WASCAVAGE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD J. WASCAVAGE, III, | |
| Appellant | No. 339 EDA 2014 |

Appeal from the Order Entered December 17, 2013
In the Court of Common Pleas of Delaware County
Domestic Relations at No(s): 10-003345

BEFORE:  MUNDY, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:  **FILED APRIL 13, 2015**

Edward J. Wascavage, III ("Husband") appeals from the order entered on December 17, 2013.  We quash in part and affirm as modified.

The relevant factual background and procedural history of this case is as follows.  In 2002, Husband married Susan Whiteside-Wascavage ("Wife").  In January 2005, D.W. ("Child"), the only child of Husband and Wife, was born.  In March 2010, Husband and Wife separated.

On March 24, 2010, Wife filed a complaint in divorce, which also sought alimony and child support.  On February 28, 2011, Wife filed a petition seeking alimony *pendente lite* ("APL").  On August 2, 2011, the trial court appointed Denis K. Bieler ("Bieler") to conduct a forensic accounting to determine the incomes of Husband and Wife.  The parties were ordered to

equally share the cost of this forensic accounting, which was capped at a combined total of $5,000.00.

Originally, the parties were granted joint physical custody of Child. On March 7, 2013, the trial court[1] granted Wife primary physical custody of Child during the school year. The parties received joint physical custody of Child during the summer. During the course of the litigation, the trial court authorized Bieler to exceed the original $5,000.00 cap on his fees; however, the trial court did not set a new cap. A three-day trial regarding child support and APL was held in May and June of 2013. The trial court thereafter ordered post-trial briefing. On August 19, 2013, the trial court entered an order providing for child support and APL. That order required Husband to pay 80% of Bieler's $25,000.00 fee instead of the previously ordered 50%. The trial court also awarded Wife attorney's fees. On August 29, 2013, Husband moved for reconsideration. On September 13, 2013, the trial court granted Husband's motion for reconsideration. On December 17, 2013, the trial court reinstated and clarified its August 19, 2013 child support and APL order. This timely appeal followed.[2]

---

[1] The Court of Common Pleas of Delaware County does not utilize a "one family, one judge" rule. The trial judge that handled the child custody matter was different than the trial judge who handled the divorce proceeding.

[2] On January 29, 2014, the trial court ordered Husband to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On February 18, 2014, Husband filed his concise

*(Footnote Continued Next Page)*

Husband presents nine issues for our review:

1. Has the [trial] court evidenced partiality, bias[,] or ill-will against Husband such that its determinations must be set aside as an abuse of discretion?

2. Did the [trial] court abuse its discretion in establishing the income and earning capacit[ies] attributable to the respective parties and in setting the [APL]/support obligations?

3. Did the [trial] court abuse its discretion in not reducing Husband's support obligation for substantial shared custody pursuant to Pa.R.C.P.1910.16-4(c)?

4. Did the [trial] court err in setting the support obligation for a time period before May 12, 2010 under the terms of the support guidelines applicable to situations on or after that date?

5. Did the [trial] court abuse its discretion in disparately allocating responsibility for the costs of the forensic accounting expert upon Husband?

6. Did the [trial] court abuse its discretion in awarding counsel fees against Husband?

7. Did the [trial] court abuse its discretion in refusing to allow new counsel an opportunity to supplement the record either with evidence or even an offer of proof?

8. Did the court err in awarding Wife [APL]?

9. Did the [trial] court err in awarding Wife attorney's fees?

Husband's Brief at 17-18.

_____

*(Footnote Continued)* _____

statement. On March 28, 2014, the trial court issued its Rule 1925(a) opinion. All issues raised on appeal were included in Husband's concise statement.

In his first issue, Husband argues that the trial court was biased.[3] This argument is waived. "It is axiomatic that, to preserve an objection for appeal, the objection must be raised before the trial court." *Tecce v. Hally*, 106 A.3d 728, 732 (Pa. Super. 2014), *citing* Pa.R.A.P. 302(a) (other citation omitted); *see Campbell v. Dep't of Transp., Bureau of Driver Licensing*, 86 A.3d 344, 349 (Pa. Cmwlth. 2014), *quoting In re Lokuta*, 11 A.3d 427, 437 (Pa. 2011), ("a party seeking recusal or disqualification must raise that issue at the earliest opportunity or be barred from obtaining appellate review of the question."). Husband's arguments relating to bias are based upon actions taken by the trial court in open court over six months prior to the entry of the order challenged on appeal.[4] Husband did not seek recusal or disqualification in the trial court. Accordingly, Husband's first issue on appeal is waived.

In his second issue on appeal, Husband contends that the trial court erred in determining the parties' incomes/earning capacities. He also

---

[3] Husband makes related bias arguments throughout his brief. We address all of those issues while disposing of Husband's first issue on appeal.

[4] This distinguishes this case from those in which the trial court evidences bias or ill-will for the first time in the order being appealed from. In those cases, we may set aside the determination as an abuse of discretion without requiring the appellant to have previously raised the issue in the trial court. *Cf. HYK Const. Co. v. Smithfield Tp.*, 8 A.3d 1009, 1021 (Pa. Cmwlth. 2010), *appeal denied*, 21 A.3d 1195 (Pa. 2011) (citations omitted) ("Any claims of unfairness or bias should be raised first before the hearing tribunal . . . and then ultimately on appeal, otherwise such claims may be deemed waived.).

contends that the trial court erred in setting the child support and APL obligations. "When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of [] discretion or insufficient evidence to sustain the support order." **W.A.M. v. S.P.C.**, 95 A.3d 349, 352 (Pa. Super. 2014).

Husband's main argument against the trial court's income/earnings capacity calculations is that Bieler, the forensic auditor, impermissibly used a financial status audit to determine Husband's income. Generally, a financial status audit looks at an individual's expenditures in an attempt to ascertain the individual's income. **See** Cynthia Blum, *The Flat Tax: A Panacea for Privacy Concerns?*, 54 Am. U. L. Rev. 1241, 1249 n.24 (2005). This auditing technique was used frequently by the Internal Revenue Service in the mid-1990's to identify taxpayers who were underreporting their income. **See id.** This audit procedure was controversial and, therefore, Congress eventually limited the use of financial status audits to cases in which the IRS has a reasonable belief that there is underreported income. **See** 26 U.S.C. § 7602(e).

A trial court possesses wide discretion in determining the parties' incomes and/or earning capacities. **See Bulgarelli v. Bulgarelli**, 934 A.2d 107, 115 (Pa. Super. 2007). In this case, the trial court chose to use the most accurate method available to it – a forensic accounting. Bieler testified

that Husband refused to turn over the necessary documentation for him to precisely calculate Husband's income. ***E.g.***, N.T., 5/31/13, at 55. Husband's refusal to fully comply with the court-ordered forensic accounting left Bieler with few options to arrive at an accurate income figure for Husband. Bieler chose to use the same technique employed by the Internal Revenue Service in such situations – a financial status audit. Bieler used the information available to arrive at his income estimations. The trial court relied on Bieler's figures when arriving at its income figures. Husband contends that the trial court's reliance on this financial status audit is not supported by any prior court decision in Pennsylvania. Husband does not cite to any cases, however, in which a litigant willfully refused to cooperate with a court-ordered forensic accounting meant to determine his income. We therefore conclude that the trial court's reliance on the financial status audit was not an abuse of discretion given Husband's failure to cooperate with Bieler.

Husband next argues that even if the trial court were permitted to use a financial status audit to determine his income, it was required to do the same with respect to Wife. Husband does not cite any authority for the proposition that a trial court is required to use the same methodology to calculate both parties' incomes and/or earnings capacities. In this case, the forensic auditor had a sound reason for conducting a financial status audit of Husband but not of Wife. In particular, the trial court found that Husband

conducted a cash only business and was unable to produce the necessary receipts. Findings of Fact and Conclusions of Law, 8/19/13, at 2. On the other hand, there was no evidence that Wife was engaged in a cash only business. This fact alone justified the trial court's reliance on a financial status audit. *Cf. **DeMasi v. DeMasi***, 530 A.2d 871, 878 (Pa. Super. 1987), *appeal denied*, 539 A.2d 811 (Pa. 1988) (internal quotation marks and citation omitted) ("where supporting spouse is self-employed, net income, as it appears on income tax forms, is not infallible measure of real wealth"). Furthermore, Husband had approximately eight times the monthly income of Wife. Therefore, a financial status audit was more appropriate for Husband. Accordingly, we conclude that the trial court did not abuse its discretion in relying upon Bieler's financial status audit of Husband while declining to employ that accounting methodology with respect to Wife.

Husband argues that the trial court erred by not crediting him for expenditures related to health insurance premiums Husband paid for Wife and Child. This argument is without merit. The order appealed from states, "[s]ince Husband does pay out of pocket expenses related to the health care coverage, Husband is entitled to a credit for the provision of health insurance." Findings of Fact and Conclusions of Law, 8/19/13, at 7. To the extent that Husband argues the amount of the credit was improperly calculated, that argument is waived as he fails to cite to any portion of the record or make any argument regarding the amount of the credit to which

he was entitled. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Orie Melvin*, 103 A.3d 1, 39 (Pa. Super. 2014) (citation omitted) ("waiver results when appellant fails to properly develop issue on appeal").

To the extent that Husband challenges the trial court's award of APL, we lack jurisdiction to consider that issue. *See Green v. Green*, 783 A.2d 788, 791 n.1 (Pa. Super. 2001) (APL claims are interlocutory); *Malanchuk v. Sivchuk*, 106 A.3d 789, 792 (Pa. Super. 2014) (*en banc*) (citation omitted) ("Generally, only appeals from final orders are eligible for appellate review."). Thus, we quash the portions of this appeal which challenge the trial court's award of APL.

In his third issue, Husband contends that the trial court erred by not reducing his child support obligation for the time period during which the parties enjoyed 50/50 physical custody of Child. The child support guidelines provide that, "[w]hen the children spend 40% or more of their time during the year with the obligor, a rebuttable presumption arises that the obligor is entitled to a reduction in the basic support obligation to reflect this time." Pa.R.C.P. 1910.16-4(c)(1). The trial court found that, although the child custody order provided for 50/50 shared physical custody, Husband had physical custody of Child less than 40% of the time. Husband argues that there is no support in the record for this factual finding. We disagree.

Husband's sole citation to the record in his brief is to his own testimony. Husband testified that he had custody of Child 50% of the time.

*See* N.T., 6/13/13, at 384. The trial court found this testimony not to be credible. *See* Findings of Fact and Conclusions of Law, 8/19/13, at 3 (emphasis in original) (The trial court "did **not** credit the testimony of Husband."). "We will not disturb the trial court's credibility determinations[.]" *In re M.T.*, 101 A.3d 1163, 1177 (Pa. Super. 2014) (*en banc*). The trial court had significant evidence that Husband had custody of Child less than 40% of the time. For example, the trial court handling the child custody matter found that "[Husband's] employment necessitates travel throughout the United States to various car shows. [Husband's] travel often requires changes in the custody schedule and **the forfeiture of portions of [Husband's] custodial time with Child.**" Findings of Fact and Conclusions of Law, 3/10/13, at 6 (paragraph numbers omitted; emphasis added).[5] Furthermore, Wife testified that she often took custody of Child while Husband was at car shows. *E.g.*, N.T., 6/13/13, at 20. From this evidence, the trial court reasonably concluded that Father did not have custody of child for at least 40% of the time when he was entitled to 50/50 shared physical custody. Therefore, the trial court did not abuse its discretion by declining to adjust Father's child support obligation pursuant to Pennsylvania Rule of Civil Procedure 1910.16-4(c)(1).

---

[5] Husband entered this document into evidence at the trial held in the child support matter. *See* Husband's Exhibit 24.

In his fourth issue on appeal, Husband contends that the trial court erred by using the wrong set of support guidelines when calculating the support owed from March 24, 2010 through May 11, 2010. Whether the trial court used the correct support guidelines is a pure question of law. Therefore, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Thompson**, 106 A.3d 742, 763 (Pa. Super. 2014) (citation omitted). The trial court used the support guidelines that went into effect on May 12, 2010 for the time period from March 24, 2010 through May 11, 2010. The trial court acknowledged this error in its Rule 1925(a) opinion. This error amounted to Husband overpaying his support obligation by a total of $48.60. We therefore modify the trial court's order to reflect that the total amount of child support due from March 24, 2010 through May 11, 2010 was $872.00/month instead of $903.00/month. **See United Police Soc'y of Mt. Lebanon v. Mt. Lebanon Comm'n**, 104 A.3d 1251, 1265 (Pa. 2014) ("An appellate court may [] modify . . . any order brought before it[.]"), *quoting* 42 Pa.C.S.A. § 706.

In his fifth issue on appeal, Husband argues that the trial court erred by requiring him to pay 80% of Bieler's fee. As noted in our factual recitation, when the trial court appointed Bieler, it ordered the parties to split the fee equally. That order also limited the amount of Bieler's fee to $5,000.00. As noted above, during the course of his forensic accounting Bieler encountered uncooperative parties. Bieler therefore requested, and

received, permission from the trial court to expend more than the $5,000.00 originally approved. At the conclusion of his service to the court, Bieler submitted an invoice for approximately $50,000.00 – nearly ten times the original amount authorized. The trial court determined that fee was excessive and ordered that Bieler be paid a total of $25,000.00. It further ordered that Husband pay $20,000.00 and Wife pay $5,000.00. We review a trial court's allocation of expert fees for an abuse of discretion. **See Pavex, Inc. v. York Fed. Sav. & Loan Ass'n**, 716 A.2d 640, 647 (Pa. Super. 1998).

We discern no abuse of discretion in the trial court's allocation of Bieler's fee. As shown in the support calculations, Husband's monthly income is approximately eight times as much as Wife's income. Therefore, an allocation of 80/20 has Wife paying for a higher percentage of the fee than her share of the parties' combined income. Furthermore, the trial court found that Bieler's increased fee was mostly due to Husband's refusal to provide the requested documentation. **See** Trial Court Opinion, 3/28/14, at 15. This finding is supported by the record. **E.g.**, N.T., 5/31/13, at 53. As Husband was most culpable for the increase in Bieler's fee, it was reasonable for the trial court to allocate seven-eighths of the increased cost (the same proportion as the parties' incomes). Accordingly, the trial court did not abuse its discretion by ordering Husband to pay 80% of Bieler's fee.

In his sixth issue on appeal, Husband argues that the trial court abused its discretion by awarding wife $5,000.00 in attorney's fees. A trial court may award attorney's fees to an individual that is awarded child support. *See* 23 Pa.C.S.A. § 4351(a). "In child support matters reviewing an award of attorney's fees, our standard of appellate review is for an abuse of discretion." *Krebs v. Krebs*, 975 A.2d 1178, 1180 (Pa. Super. 2009) (citation omitted).

In this case, the trial court awarded attorney's fees to Wife because of Husband's conduct in concealing portions of his income from Wife, Bieler, and the trial court. The trial court noted that Wife and her counsel repeatedly attempted to request documents from Husband to no avail. *See* Trial Court Opinion, 3/28/14, at 23-24. The trial court further found that its interim fee award of $3,000.00 was insufficient and, therefore, a further fee award at the conclusion of the child support proceedings was necessary. *See id.* at 24-25.

As our Supreme Court has stated, "unreasonable or obstreperous conduct on the part of the obligor in a child support action would warrant an award of counsel fees to the obligee." *Bowser v. Blom*, 807 A.2d 830, 836 (Pa. 2002). In *Bowser*, our Supreme Court noted that there is a significant difference between an obligor parent who mounts a "fair and reasonable defense in a child support action" and unreasonable or obstreperous conduct. *Id.* In *Krebs*, this Court held that the obligee spouse was entitled

to an attorney's fee award three times higher than the amount originally awarded by the trial court. This Court reached that determination because *Krebs* was not "a case where [the obligor] merely defended the action in good faith; rather [*Krebs* was] a case where [the obligor] fraudulently concealed increases to his income . . . in order to avoid paying additional child support." *Krebs*, 975 A.2d at 1181.

As we noted when discussing the trial court's ability to order a forensic accounting and its allocation of Bieler's fees, Husband's conduct in this case was both unreasonable and obstreperous. Husband began this conduct early in the child support proceedings by refusing to comply with document requests filed by Wife and continued this conduct even after the trial court ordered him to cooperate with Bieler. Furthermore, based upon the relative incomes of Husband and Wife, it would have been difficult for Wife to continue this child support action but for an award of counsel fees. Accordingly, we conclude that the trial court did not abuse its discretion in awarding Wife $5,000.00 in attorney's fees, an amount we agree is reasonable for compensating Wife for Husband's conduct.

In his seventh issue, Husband argues that the trial court abused its discretion by declining to permit him to offer additional evidence at the hearing on his motion to reconsider. We review a trial court's denial of a motion to reopen the record for an abuse of discretion. *See Bingaman v. Bingaman*, 980 A.2d 155, 157 (Pa. Super. 2009) (citation omitted). In his

supplemental motion for reconsideration, Husband requested that he be permitted to reopen the record for a sole reason – he had obtained new counsel. As noted by the lengthy pre-trial proceedings, three-day trial, and post-trial briefing, significant resources had been expended by the trial court and all parties to this litigation. There is no indication in the record that Husband's proposed new evidence was unavailable for trial. Therefore, the trial court reasonably concluded that granting the motion to reopen would unfairly prejudice Wife by forcing her to expend more resources because of Husband's change of counsel. Furthermore, allowing the record to be reopened solely because Husband obtained new counsel would encourage losing parties to obtain new counsel on a motion to reconsider because they would then get the proverbial "second bite at the apple." We refuse to encourage such a practice. Accordingly, we conclude that the trial court did not abuse its discretion in denying Husband's motion to reopen the record.

In his eighth issue on appeal, Husband argues that the trial court erred in awarding Wife APL. As noted above, we lack jurisdiction over this claim and quash this appeal as it relates to Husband's APL claims.

Husband's ninth issue on appeal is the same as his sixth issue on appeal. In sum, we quash Husband's appeal as it relates to the trial court's APL determination. We affirm the child support order as modified (reducing Husband's overall child support obligation for 2010 by $48.60).

Appeal quashed in part. Order affirmed as modified. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2015